IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

LOUIS B. ANTONACCI,
        *Plaintiff*,

v.

RAHM ISRAEL EMANUEL, et al.,
        *Defendants*.

1:24-cv-172-MSN-LRV

## ORDER

This matter comes before the Court on Defendant FTI Consulting Inc.'s ("FTI") Motion to Dismiss (ECF 27), Defendants Holland & Knight LLP, Paul J. Kiernan, and Stephen B. Shapiro's Motion to Dismiss (ECF 39), Defendant Derran Eaddy's Motion to Dismiss (ECF 55), Defendant Storij, Inc.'s Motion to Dismiss (ECF 72), Defendant Rokk Solutions LLC's Motion to Dismiss (ECF 82), Defendants Matthew J. Gheringer, Perkins Coie LLP, and Seyfarth Shaw's Motion to Dismiss (ECF 84), Defendant Seth T. Firmender's Motion to Dismiss (ECF 97), Plaintiff's Objections to Magistrate Judge's Ruling or Recommendation (ECF 81), Plaintiff's Motion to Amend/Correct Complaint (ECF 116), and Plaintiff's Motion to Set Hearing Before District Judge (ECF 118). Having reviewed the motions, oppositions, and any replies thereto, the Court finds that oral argument would not materially aid the decisional process. Because the Court lacks jurisdiction, this case will be dismissed.

Plaintiff Louis Antonacci, an attorney proceeding *pro se*, alleges a wide-ranging conspiracy to derail his career, destroy his reputation, and have him murdered. *See* ECF 1 ("Compl."). The alleged conspiracy spans many individuals and companies he has interacted with over the last two decades, or as one federal court put it, "the entire world with which [Antonacci] comes into contact," ranging from Rahm Emanuel, the former White House Chief of Staff and Mayor of Chicago, to Antonacci's own clients. *Antonacci v. City of Chicago*, 2015 WL 13039605, at *2 (N.D. Ill. May 5, 2015).

Although it is difficult to piece together a common thread amongst the voluminous allegations, the thrust of Antonacci's complaint is that "an insidious criminal enterprise has sought to destroy him" ever since his involvement in litigation as an associate at a law firm roughly fifteen years ago. *See generally* Compl. 1; ¶¶ 24-53.[1] Antonacci was eventually forced to resign from that firm, and later terminated from another law firm. Compl. ¶¶ 64, 101. He hired an attorney to sue in Illinois state court the firm that terminated him. *Id.* ¶ 126. That suit was dismissed, a decision affirmed by the Illinois Appellate court. *Antonacci v. Seyfarth Shaw, LLP*, 39 N.E.3d 225 (Ill. App. Ct. 2015). Undeterred, Antonacci then turned to the federal courts, filing a suit in the Northern District of Illinois alleging a conspiracy under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961-1968. In that case, Antonacci alleged a conspiracy among several law firms, lawyers, court reporters, the City of Chicago, and a state-court judge, who allegedly "had engaged in fraudulent acts designed to sabotage his state-court suit (which was generally for defamation) … and to thwart his application to be admitted to practice in the State of Illinois." *Antonacci v. City of Chicago*, 640 F. App'x 553, 554 (7th Cir. 2016). The court in the Northern District of Illinois dismissed the suit for lack of jurisdiction, finding that Antonacci's RICO claims "were so insubstantial that they did not suffice to engage federal jurisdiction" under *Bell v. Hood*, 327 U.S. 678 (1946). *Antonacci*, 640 F. App'x at 555. The Seventh Circuit affirmed, holding that the RICO claims were "legally frivolous." *Id.* at 557.

Now, Antonacci brings four claims against all Defendants, most of whom were defendants in the previous federal case: (1) RICO violations under 18 U.S.C. § 1962(a)-(c); (2) RICO conspiracy under 18 U.S.C. § 1962(d); (3) Virginia business conspiracy under Va. Code § 18.2-

---

[1] The Court notes that Antonacci's 574 paragraph complaint, spanning more than one hundred pages of often vague and unconnected allegations, is not a "short and plain statement of the claim[s]" required under Federal Rule of Civil Procedure 8(a). Although dismissal would be warranted for this reason alone, the parties have already expended considerable resources sifting through the voluminous complaint. Because, for the reasons explained below, the Court lacks jurisdiction over Antonacci's second attempt to bring these implausible claims in federal court, the Court sees no benefit in requiring Antonacci to replead consistent with Rule 8(a).

499, 18.2-500; and (4) common law civil conspiracy. *See* Compl. ¶¶ 406-569. Antonacci also brings a claim against Defendant Storij for violating 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA"). *Id*. ¶¶ 570-574.

This suit mirrors Antonacci's previous federal suit. Antonacci brings roughly identical allegations concerning all the events prior to his previous federal suit. *See* ECF 86 Ex. A (comparing complaints). He further alleges, however, that additional individuals and companies, which are part of the same alleged criminal enterprise, have taken actions since then to destroy him. For example, he alleges, without any other context, that Defendant Derran Eaddy "race-baited" him at a restaurant and threatened to kill him before punching Antonacci in the nose. Compl. ¶¶ 273-285. Separately, Antonacci alleges that the enterprise "saw [his] application [for a job at the Department of Justice] as a direct threat to their activity," which instigated their development of a fraudulent scheme in which the enterprise implicated Antonacci. *Id*. ¶ 332. For instance, he alleges that Defendant Seth Firmender, whose employer was at one point Antonacci's client, "set[] up Antonacci for a false claims act investigation" on the matter, though Antonacci does not allege that anyone ever brought a False Claims Act suit against him. *Id*. ¶ 305. Antonacci also alleges that other defendants involved in this alleged fraudulent scheme "monitored Antonacci by illegally hacking into his computer system and/or mobile phone." *Id*. ¶ 334.

Although Antonacci has added new defendants and allegations, the alleged conspiracy—and the fundamental implausibility of it—has not changed. This Court agrees with the Seventh Circuit's assessment that Antonacci's previous, and now renewed, allegations are "legally frivolous" because they are "so unsupported by any plausible detail as to be preposterous." 640 F. App'x at 557. And the new allegations do not move the needle towards plausibility—if anything, they reinforce the implausibility of the alleged conspiracy. Antonacci continues to "fl[ing] wild

3

accusations at a large," and seemingly never-ending, "number of people" who have no apparent connection other than their interactions, however tangential, to Antonacci. *Id.*

Because Antonacci's RICO and CFAA[2] allegations are "wholly insubstantial," the Court lacks jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682-83 (1946). "Antonacci cannot use civil RICO as the springboard for federal-question jurisdiction." *Antonacci v. City of Chicago*, 2015 WL 13039605, at *2 (N.D. Ill. May 5, 2015). As that is the only purported basis for jurisdiction, the Court will decline to exercise supplemental jurisdiction over Antonacci's state-law claims. 28 U.S.C. § 1367(c)(3).

Finally, after the parties fully briefed the motions to dismiss, Antonacci moved for leave to amend his complaint "to the extent this Court deems Antonacci's Complaint insufficient as filed." ECF 116 at 2. Antonacci had the opportunity to amend his complaint as of right in response to Defendants' motions to dismiss, but he chose to stand on his existing complaint. His motion, moreover, does not propose any additional pleadings. Therefore, and in light of the implausible nature of Antonacci's existing allegations, which have already been litigated once before in federal court, the Court will deny leave to amend.

Accordingly, it is hereby

**ORDERED** that Defendant FTI Consulting Inc.'s ("FTI") Motion to Dismiss (ECF 27), Defendants Holland & Knight LLP, Paul J. Kiernan, and Stephen B. Shapiro's Motion to Dismiss (ECF 39), Defendant Derran Eaddy's Motion to Dismiss (ECF 55), Defendant Storij, Inc.'s Motion to Dismiss (ECF 72), Defendant Rokk Solutions LLC's Motion to Dismiss (ECF 82), Defendants

---

[2] Antonacci alleges, without any further factual basis, that persons on behalf of Defendant Storij either hacked into his computer's cameras and audio during a Zoom videoconference or alternatively "the enterprise provided false, incomplete, and/or misleading information about Antonacci to relevant authorities and/or intelligence agencies in order to obtain a warrant … to monitor Antonacci." Compl. ¶¶ 357-58. This conclusory speculation, like Antonacci's RICO allegations, is not "plausible enough to engage jurisdiction." *Antonacci*, 640 F. App'x at 555.

Matthew J. Gheringer, Perkins Coie LLP, and Seyfarth Shaw's Motion to Dismiss (ECF 84), and Defendant Seth T. Firmender's Motion to Dismiss (ECF 97) are **GRANTED**; and it is further

**ORDERED** that Complaint be **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Motion to Amend/Correct Complaint (ECF 116) is **DENIED**;

**ORDERED** that Plaintiff's Objections to Magistrate Judge's Ruling or Recommendation (ECF 81) and Plaintiff's Motion to Set Hearing Before District Judge (ECF 118) are **DENIED AS MOOT**;

The Clerk is directed to close this civil action.

It is **SO ORDERED**.

/s/
Michael S. Nachmanoff
United States District Judge

May 23, 2024
Alexandria, Virginia